**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000413**
**28-DEC-2023**
**01:35 PM**
**Dkt. 80 SO**

NO. CAAP-22-0000413

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
RAYMOND EARL ARD, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5PC051000062)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Raymond Earl **Ard** appeals from the Circuit Court of the Fifth Circuit's June 6, 2022 "Findings of Fact [(**FOF**)]; Conclusions of Law [(**COL**)]; and Order Denying Defendant's Application for Conditional Release Filed June 21, 2021."[1]  In his sole point of error on appeal, Ard contends the circuit court erred in denying his application for conditional release.

---

[1]  The Honorable Kathleen N.A. Watanabe presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the point of error as discussed below, and affirm.

Ard, his wife, and minor step-son moved into a rental residence owned by Jon (**Kerns**) and Claudia Kerns in Waimea, Kauaʻi in late 2004. On the night of February 27, 2005, Ard stabbed his step-son once in the neck and stabbed Kerns multiple times in the chest with a three-inch paring knife. Taken to Kauaʻi Veterans Memorial Hospital, Kerns was pronounced dead on arrival; Ard's step-son survived.

Following a bench trial in 2006, the circuit court found Ard guilty of Attempted Murder in the First Degree as to Kerns and Ard's step-son, and not guilty of Murder and Attempted Murder in the Second Degree. The circuit court acquitted Ard "on the ground[s] of physical or mental disease, disorder or defect, excluding responsibility," and concluded Ard presented "a risk of danger to himself and/or others and is not a proper subject for conditional release at this time." Hawaiʻi Revised Statutes §§ 704-408 (1993), 704-411 (Supp. 1997). The circuit court committed Ard "to the custody of the Director of the Department of Health to be placed in an appropriate institution

for care, custody, and treatment."  Ard was admitted to Hawaiʻi State Hospital the next day.

Ard applied for conditional release on June 21, 2021, requesting the circuit court appoint a three-panel board of examiners to determine whether he should be granted conditional release, and requesting conditional release "to a 24-hour group home."  Following a hearing, the circuit court entered its findings and conclusions, and denied Ard's application for conditional release.[2]

To support his contention that the circuit court erred in denying his application, Ard challenges FOF 4-6, 12-27, and COL 3 and 5.[3]  In doing so, Ard mainly claims that:  the examiners' full opinions were not taken into consideration; testimony was taken out of context; and the circuit court's findings were misleading, incomplete, or inaccurate.

Based on our review of the record, the circuit court did not clearly err as to FOF 4-6 and 12-27 because there was substantial evidence supporting these challenged findings.  See

---

[2]  In 2014, this court upheld a previous denial of an application for Ard's conditional release.  State v. Ard, 134 Hawaiʻi 133, 337 P.3d 54, No. CAAP-12-0000755, 2014 WL 5331918 at *2 (App. Oct. 20, 2014) (SDO).

[3]  We note Ard cites to article I, section 5 of the Hawaiʻi Constitution and the fifth and fourteenth amendments of the U.S. Constitution, but does not raise a separate point of error asserting a constitutional violation. See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4) (requiring separate points of error and stating "[p]oints not presented in accordance with this section will be disregarded").  Thus, we do not further address these citations.

Dan v. State, 76 Hawaiʻi 423, 428, 879 P.2d 528, 533 (1994) ("A trial court's [findings of fact] are reviewed under the 'clearly erroneous' standard"); State v. Quiday, 141 Hawaiʻi 116, 121, 405 P.3d 552, 557 (2017) ("A finding of fact is clearly erroneous when (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made") (citations omitted).

Also based on our review of the record on appeal, the circuit court did not err in entering COL 3 and 5 because these conclusions were supported by the circuit court's findings and reflect the correct application of the law. See State v. Locquiao, 100 Hawaiʻi 195, 203, 58 P.3d 1242, 1250 (2002) (explaining "[t]he circuit court's conclusions of law are reviewed under the right/wrong standard") (citations omitted); Dan, 76 Hawaiʻi at 428, 879 P.2d at 533 ("A conclusion of law that is supported by the trial court's findings of fact and that reflects an application of the correct rule of law will not be overturned") (citations omitted).

As such, we affirm the circuit court's June 6, 2022 "Findings of Fact; Conclusions of Law; and Order Denying

Defendant's Application for Conditional Release Filed June 21, 2021."

DATED:  Honolulu, Hawaiʻi, December 28, 2023.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Jennifer S. Winn,
Deputy Prosecuting Attorney,
County of Kauaʻi,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge